1  David T. Biderman, Bar No. 101577
   dbiderman@perkinscoie.com
2  Lisa D. Olle, Bar No. 228551
   lolle@perkinscoie.com
3  PERKINS COIE LLP
   Four Embarcadero Center, Suite 2400
4  San Francisco, CA 94111
   Telephone: (415) 344-7000
5  Facsimile: (415) 344-7050

6  Attorneys for Defendants
   PLEXCO TRUST, J. CRAIG HAMILTON, JR., and
7  JOHN D. FARRALD as Trustee of PLEXCO TRUST,
   and PLEXCO TRUST

8

9              UNITED STATES DISTRICT COURT

10         FOR THE NORTHERN DISTRICT OF CALIFORNIA

11                    SAN JOSE DIVISION              C 07 03382 PVT

| 12 | IN RE: | Case No. 04-47072-dml-11 |
|---|---|---|
| 13 | JRL PROPERTIES INTERNATIONAL INC., | Chapter 11 |
| 14 | Debtor. | (Pending in the United States Bankruptcy Court, Northern District of Texas, Fort Worth Division) |
| 15 | | Case No. |
| 16 | MICHAEL R. ALLEN, | |
| 17 | Plaintiff, | **NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1334, 1452(A) AND BANKRUPTCY RULE 9027** |
| 18 | v. | |
| 19 | J. CRAIG HAMILTON, JR., Individually and as Trustee of PLEXCO TRUST, JOHN D. FARRALD as Trustee of PLEXCO TRUST, PLEXCO TRUST, a California trust, and DOES 1-10, Inclusive, | |
| 20 | | |
| 21 | | |
| 22 | Defendants. | |

23  TO THE CLERK OF THE ABOVE-ENTITLED COURT:

24      PLEASE TAKE NOTICE that Defendants J. CRAIG HAMILTON, JR., individually, and

25  as co-trustee of PLEXCO TRUST, JOHN D. FARRALD, individually, and as co-trustee of

26  PLEXCO TRUST, and PLEXCO TRUST (hereafter "Plexco") (collectively "Defendants") by

27  and through their undersigned counsel, hereby remove this action to the United States District

28  Court for the Northern District of California, San Jose Division, pursuant to 28 U.S.C. §§ 1446

---

NOTICE OF REMOVAL
91004-0014/LEGAL13052841.1

and 1452(a), in preparation for a request for transfer to the United States Bankruptcy Court for the Northern District of Texas, Fort Worth Division, pursuant to 28 U.S.C. § 1412, where bankruptcy proceedings related to this matter are pending.

## I.   JRL BANKRUPTCY

1. On or about July 23, 2004, JRL Properties International Inc. ("JRL" or "Debtor") filed a voluntary Chapter 11 bankruptcy petition (the "Bankruptcy Case") in the United States Bankruptcy Court, Northern District of Texas, Fort Worth Division (the "Texas Bankruptcy Court"). The Bankruptcy Case is designated as Cause No. 04-47072-dml-11. The Bankruptcy Case is still pending before the Texas Bankruptcy Court.

## II.   THE FIRST COMPLAINT AND REMOVAL

2. On or about December 1, 2006, plaintiffs Michael R. Allen ("Allen") and Continental Nursing Management Services, Inc. ("Continental") commenced an action in the Superior Court of the State of California, County of Monterey ("State Court"), entitled <u>Michael R. Allen and Continental Nursing Management Services, Inc. vs. J. Craig Hamilton, Jr., Individually and as Trustee of Plexco Trust, John D. Farrald, as Trustee of Plexco Trust, Plexco Trust and JRL Properties International, Inc.</u>, Case No. M81975 ("Initial Complaint"). Allen and Continental amended the Initial Complaint on or about December 12, 2006 ("Amended Complaint"). A true and correct copy of the Amended Complaint is attached hereto as Exhibit "A."

3. In the Amended Complaint, Allen and Continental asserted claims against the current defendants and JRL based on breach of fiduciary duties, unjust enrichment, breach of written contract, and several common counts, including open book account for money due, money had and received, money lent, and money paid, laid out, and expended. Allen and Continental further alleged piercing of the corporate veil and sought monetary damages.

4. According to the Amended Complaint, all of the above-described claims arose out of and related to a Management Services Agreement (the "Agreement") entered into between Continental (a company owned by Allen) and Debtor JRL, whereby Continental furnished

management services to three nursing facilities owned by JRL. The Agreement was subsequently terminated on or about September 26, 2003.

5. The Amended Complaint alleged that shortly after the termination of the Agreement, the Internal Revenue Service ("IRS") commenced collection activities against Allen (among others) based on unpaid payroll taxes for employees of the nursing facilities managed by Continental. In approximately March 2006, plaintiff Allen paid the IRS approximately $1.2 million stemming from such unpaid payroll taxes. By the Amended Complaint, Allen and Continental sought money damages in the Monterey County Court from the current defendants and Debtor JRL for termination of the Agreement, as well as indemnification for the full amount of the IRS penalty paid by plaintiff Allen.

6. The Amended Complaint acknowledged JRL's status as a Chapter 11 Debtor and stated: "In order to avoid running afoul of 11 U.S.C. § 362, Plaintiffs do not seek affirmative relief against JRL until they are relieved of the provisions of the automatic stay." Each count enumerated in the Amended Complaint, however, was against "All Defendants" including JRL, the Chapter 11 Debtor. Allen and Continental did not obtain, and did not seek, relief from the automatic stay from the Texas Bankruptcy Court to commence, maintain, or pursue the action in Monterey County against the Debtor.

7. Allen and Continental's actions against JRL likely constituted a willful violation of the automatic stay.

8. In addition, Continental had already filed a proof of claim against JRL ("Continental Proof of Claim") in the Texas Bankruptcy Case, apparently based upon some or all of the same allegations asserted against JRL in the Amended Complaint. A true and correct copy of the Continental Proof of Claim is attached hereto as Exhibit "B." By the Continental Proof of Claim, Continental had already submitted to the jurisdiction of the Texas Bankruptcy Court for the resolution of its claims against JRL.

9. On or about February 26, 2007, the current defendants and JRL filed their Notice of Removal of Action Pursuant to 28 U.S.C. §§ 1334, 1452(A) and Bankruptcy Rule 9027 in the

1  United States District Court, Northern District of California, San Jose Division, thereby
2  commencing Case No. C07-01151 JF ("First Removed Case").

3      10.    On or about March 15, 2007, the current defendants, supported by JRL, filed their
4  Motion to Transfer Venue to the Northern District of Texas Pursuant to 28 U.S.C. §§ 157, 1334
5  and 1412 ("Motion to Transfer"). The Motion to Transfer was initially set for hearing April 20,
6  2007. The hearing date was continued by the Court to May 4, 2007.

7      11.    Before the defendants answered the Amended Complaint, and before the Motion
8  to Transfer counsel was heard, Allen and Continental filed a Notice of Voluntary Dismissal
9  pursuant to Federal Rule of Civil Procedure 41(1)(i).

### III.    THE CURRENT COMPLAINT

11      12.    On or about May 3, 2007, Allen commenced a substantially similar action in the
12  County of Monterey State Court, entitled Michael R. Allen vs. J. Craig Hamilton, Jr.,
13  individually and as co-trustee of Plexco Trust, John D. Farrald, individually, and as co-trustee of
14  Plexco Trust, Plexco Trust a California Trust, and Does 1-10 Inclusive, Case No. M84368
15  ("Current Action").

16      13.    In the Current Action, Continental is no longer a plaintiff, and JRL is no longer a
17  defendant, but the factual allegations are the same – namely matters arising from Allen's and
18  Continental's management and dealings with JRL. Allen asserts claims against all Defendants
19  based on breach of fiduciary duties, unjust enrichment, and several common counts, including
20  open book account for money due, money had and received, money lent, and money paid, laid
21  out, and expended. The relief sought in the Current Action is the same as the relief sought in the
22  previous action. The Current Action is a blatant attempt by Allen to deprive the Texas
23  Bankruptcy Court of its rightful jurisdiction, but there is little difference between the Current
24  Action and the First Removed Case.

25      14.    The Defendants have accepted service of the Complaint and none of the
26  Defendants received a copy of the Complaint more than thirty (30) days ago. Accordingly,
27  removal is timely pursuant to 28 U.S.C. Section 1446(b) and Federal Rule of Bankruptcy
28

- 4 -

NOTICE OF REMOVAL
91004-0014/LEGAL13052841.1

Procedure Rule 9027(a)(3). A copy of the Complaint filed by plaintiff in the Current Action is attached hereto as Exhibit "C".

15. <u>Jurisdiction</u>. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, and this matter constitutes a "core" proceeding under 28 U.S.C. § 157(b)(2)(A) and (O).

16. <u>"Core" Proceeding</u>. Removal of this case is proper pursuant to 28 U.S.C. § 1452(a) and Bankruptcy Rule 9027, because the Complaint necessarily involves and is related to direct claims against defendant Chapter 11 debtor-in-possession JRL, and for which any finding of liability will give rise to claims on behalf of the Defendants against the Debtor for indemnification or contribution, as well as monetary damages. Moreover, the facts and claims alleged in the Current Action are so interrelated with the allegations set forth in the proof of claim filed on behalf of Continental against JRL that Continental and JRL may be necessary parties. *See* FRCP 19 ("Joinder of Persons Needed for Just Adjudication").

17. <u>Consent to Entry of Final Orders</u>. Pursuant to Bankruptcy Rule 9027(e)(3), Defendants hereby consent to entry of final orders by the bankruptcy judge.

18. <u>Intradistrict Assignment</u>. Pursuant to 28 U.S.C. §§ 1441(a), 1446 and 1452(a), assignment to the United States Bankruptcy Court for the Northern District of California, San Jose Division, is proper because Allen filed the action being removed in the Superior Court of California, County of Monterey, and this matter constitutes a "core" proceeding under 28 U.S.C. § 157(b)(2)(A) and (O).

19. <u>Attachment of Pleadings</u>. In compliance with 28 U.S.C. § 1446 and Bankruptcy Rule 9027(a)(1), copies of all process and pleadings in the state court action have been obtained from the state court and are attached hereto. *See* Complaint and Case Management Notice (attached as Exhibits "C" and "D").

20. <u>Notice to State Court/Plaintiff</u>. Pursuant to 28 U.S.C. § 1446 and Federal Rule of Bankruptcy Procedure 9027 (c)-(d), Defendants will promptly serve on Allen and file with the State Court a "Notice to Adverse Party of Removal to Federal Court." Pursuant to Federal Rule of Civil Procedure 5(d), the Defendants will also file with this Court a "Certificate of Service of Notice to Adverse Party of Removal to Federal Court."

- 5 -

WHEREFORE, Defendants request that this Court consider this Notice of Removal as provided by law governing the removal of cases to this Court, that this Court take such steps as are necessary to achieve the removal of this matter to this Court from the Monterey County Superior Court, and that this Court will make such other orders as may be appropriate to effect the preparation and filing of a true record in this cause of all proceedings that may have been had in the state court action.

DATED: June 27, 2007

**PERKINS COIE LLP**

By: *[signature]*
Lisa D. Olle, SBN 228551,

Attorneys for Defendants
PLEXCO TRUST, J. CRAIG HAMILTON, JR., and JOHN D. FARRALD as Trustee of PLEXCO TRUST

NOTICE OF REMOVAL
91004-0014/LEGAL13052841.1

## CERTIFICATE OF SERVICE

I, Lisa DeCosta, declare:

I am a citizen of the United States and am employed in the County of San Francisco, State of California. I am over the age of 18 years, and not a party to the within action. My business address is Perkins Coie LLP, Four Embarcadero Center, Suite 2400, San Francisco, California 94111-4131. I am personally familiar with the firm's business practice of collection and processing for mailing. Under that practice it would be deposited with the U.S. Postal Service on the same day with postage thereon fully prepaid in the ordinary course of business. On February June 27, 2007, I served the following document(s):

**NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1334, 1452(A) AND BANKRUPTCY RULE 9027**

by placing a true copy thereof enclosed in a sealed envelope addressed to the following parties:

J. A. Hudson, Esq.
Hugo N. Gerstl, Esq.
GERSTL & HUDSON
2460 Garden Road, Suite C
Monterey, CA  93940
Facsimile: (831) 649-8007

☒ FACSIMILE - by transmitting via facsimile the document(s) listed above to the fax number(s).

☒ MAIL - by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Francisco, California addressed as set forth below.

☐ ELECTRONIC TRANSMISSION – I caused each document to be sent by electronic mail to the email address indicated above

☐ BY HAND – I caused each envelope to be delivered by hand to the offices listed above.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on June 27, 2007, at San Francisco, California.

_____
Lisa DeCosta