| SUPERIOR COURT OF CALIFORNIA, COUNTY OF MONTEREY | Reserved for Clerk's File Stamp |
|---|---|
| Allen, Michael R.,<br>    Plaintiff/Petitioner<br><br>vs.<br><br>Hamilton, J. Craig, Jr, et al,<br>    Defendant/Respondent | FILED<br><br>MAY 0 3 2007<br><br>LISA M. GALDOS<br>CLERK OF THE SUPERIOR COURT<br>———C. WILLIAMS DEPUTY |
| CASE MANAGEMENT NOTICE | Case No. M84368 |

**Case Management Conference Date: November 1, 2007 at 9:00 a.m.**

1. NOTICE is hereby given that a CASE MANAGEMENT STATEMENT shall be filed with the Court and served on all parties NO LATER than: 30 days before the above date of the initial CASE MANAGEMENT CONFERENCE.

2. No party may stipulate to extend any of the dates set above.

3. At the CASE MANAGEMENT CONFERENCE, it is expected that trial counsel for each party and each self-represented party shall attend and be fully prepared to participate effectively in the conference.

4. On receipt of the CASE MANAGEMENT STATEMENT and at or before the CASE MANAGEMENT CONFERENCE the Court may make the following orders:

   a. refer the matter to arbitration, the court-directed mediation program, or other alternative dispute resolution procedures;
   b. identify the case as one which may be protracted and in need of special attention;
   c. assign the case to a particular judge for all purposes:
   d. assign a mandatory settlement conference and trial date;
   e. make orders establishing discovery schedules and cut-offs, including expert witness disclosure and discovery;
   f. make appropriate Trial Management Orders; and/or
   g. make any other orders to achieve the interests of justice and the timely disposition of the case, including the setting of additional Status Conferences.

5. It is the policy of this Court that all complaints and cross-complaints be filed and served, all challenges to the pleadings be heard, and the matter be at-issue no later than 180 days from the filing of the complaint. It is the policy of this Court that all civil matters be resolved in no more than 12 to 24 months of the filing of the complaint.

6. Failure to file the CASE MANAGEMENT STATEMENT, attend the CASE MANAGEMENT CONFERENCE and participate effectively, or comply with any CASE AND TRIAL MANAGEMENT RULES may result in sanction.

7. It is the responsibility of the parties and/or their attorneys to be familiar with the Monterey County Case and Trial Management Policies and Rules and to comply therewith.

BY ORDER OF THE PRESIDING JUDGE

C. WILLIAMS

Date: May 3, 2007          By: _____
                                              Deputy Clerk

# Alternative Dispute Resolution
## OPTIONS FOR RESOLVING YOUR DISPUTE

**There Are Alternatives to Going to Trial**
Did you know that 95 percent of all civil cases filed in court are resolved without going to trial? Many people use processes other than trial to resolve their disputes. These alternative processes, known as Alternative Dispute Resolution or ADR, are typically less formal and adversarial than trial, and many use a problem-solving approach to help the parties reach agreement.

**Advantages of ADR**
Here are some potential advantages of using ADR:
- **Save Time**: A dispute often can be settled or decided much sooner with ADR; often in a matter of months, even weeks, while bringing a lawsuit to trial can take a year or more.
- **Save Money**: When cases are resolved earlier through ADR, the parties may save some of the money they would have spent on attorney fees, court costs, and expert's fees.
- **Increase Control over the Process and the Outcome**: In ADR, parties typically play a greater role in shaping both the process and its outcome. In most ADR processes, parties have more opportunity to tell their side of the story than they do at trial. Some ADR processes, such as mediation, allow the parties to fashion creative resolutions that are not available in a trial. Other ADR processes, such as arbitration, allow the parties to choose an expert in a particular field to decide the dispute.
- **Preserve Relationships**: ADR can be a less adversarial and hostile way to resolve a dispute. For example, an experienced mediator can help the parties effectively communicate their needs and point of view to the other side. This can be an important advantage where the parties have a relationship to preserve.
- **Increase Satisfaction**: In a trial, there is typically a winner and a loser. The loser is not likely to be happy, and even the winner may not be completely satisfied with the outcome. ADR can help the parties find win-win solutions and achieve their real goals. This, along with all of ADR's other potential advantages, may increase the parties' overall satisfaction with both the dispute resolution process and the outcome.
- **Improve Attorney-Client Relationships**: Attorneys may also benefit from ADR by being seen as problem-solvers rather than combatants. Quick, cost-effective, and satisfying resolutions are likely to produce happier clients and thus generate repeat business from clients and referrals of their friends and associates.

Because of these potential advantages, it is worth considering using ADR early in a lawsuit or even before you file a lawsuit.

**What Are the ADR Options?**
The most commonly used ADR processes are mediation, arbitration, neutral evaluation, and settlement conferences.

**Mediation**
In mediation, an impartial person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties. The Monterey County Superior Court offers a Court-Directed Mediation Program.

**Cases for Which Mediation May Be Appropriate**: Mediation may be particularly useful when parties have a relationship they want to preserve. So when family members, neighbors, or business partners have a dispute, mediation may be the ADR process to use.

Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.

**Cases for Which Mediation May Not Be Appropriate**: Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. There-fore, it may not be a good choice if the parties have a history of abuse or victimization.

### Arbitration

In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed.

Arbitration may be either "binding" or "nonbinding." *Binding arbitration* means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. Generally, there is no right to appeal an arbitrator's decision in binding arbitration. *Nonbinding arbitration* means that the parties are free to request a trial if they do not accept the arbitrator's decision. The Monterey County Superior Court offers a nonbinding judicial arbitration program.

**Cases for Which Arbitration May Be Appropriate**: Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

**Cases for Which Arbitration May Not Be Appropriate**: If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

### Neutral Evaluation

In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is often an expert in the subject matter of the dispute. Although the evaluator's opinion is nonbinding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

**Cases for Which Neutral Evaluation May Be Appropriate**: Neutral evaluation may be most appropriate in cases in which there are technical issues that require expertise to resolve or the only significant issue in the case is the amount of damages.

**Cases for Which Neutral Evaluation May Not Be Appropriate**: Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

### Settlement Conference

Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State bar number, and address): | |
|---|---|
| TELEPHONE NO.:    FAX NO. (Optional)<br>EMAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF MONTEREY<br>MAILING ADDRESS: 1200 Aguajito Road<br>CITY AND ZIP CODE: Monterey, CA 93940 | |
| PLAINTIFF/PETITIONER:<br><br>DEFENDANT/RESPONDENT: | |
| **Request to Vacate or Continue Initial<br>Case Management Conference and Order** | Case Number: |
| A **CASE MANAGEMENT CONFERENCE** is scheduled as follows:<br>Date:    Time:    Dept.:    Div.:    Room: | |

> ▸ IF APPLICABLE, THIS REQUEST AND ORDER MUST BE FILED CONCURRENTLY WITH THE CASE MANAGEMENT STATEMENTS, WHICH ARE DUE NO LATER THAN 30 DAYS BEFORE THE INITIAL CASE MANAGEMENT CONFERENCE.
>
> ▸ PER LOCAL RULE 6.08(g), IF THE PARTIES DO NOT RECEIVE A SIGNED COPY OF THE ORDER GRANTING THE REQUEST, THEY MUST ATTEND THE CASE MANAGEMENT CONFERENCE.

Counsel and the parties certify that the initial Case Management Conference should be vacated or continued for the following reasons [circle one]:

1. All parties have appeared and agree to engage in the below ADR program [check one]:

   ☐ Court-Directed mediation        ☐ Private mediation
   ☐ Nonbinding judicial arbitration   ☐ Private arbitration       THE
   ☐ Other:

   **PARTIES AGREE TO COMPLETE THE ALTERNATIVE DISPUTE RESOLUTION PROGRAM WITHIN 90 DAYS OF THE FILING OF THIS FORM.** Further Case Management Conference is requested

2. Case is concluded and judgment or dismissal has been entered as to all parties.

3. Case has settled; dismissal shall be filed on or before _____.

4. Case is at-issue and all parties agree that matter may be set for trial without the necessity of a Case Management Conference.

5. All defendants have not been served and the plaintiff has been granted an extension by the court until _____ to complete service on all defendants. Further Case Management Conference is requested.

6. A defendant has filed bankruptcy; case should be stayed pending the completion of bankruptcy. Plaintiff shall file a Supplemental Case Management Statement within ten (10) days of any action by the debtor or the Bankruptcy Court that would act as a lifting of said stay.

7. Case has been removed to Federal Court. Plaintiff shall file a Supplemental Case Management Statement within ten (10) days of any remand back to Superior Court or of any judgment or dismissal filed in the Federal Court.

| Request to Vacate or Continue Initial Case Management Conference and Order | Case Number: |
|---|---|

8. Plaintiff has obtained a default as to all defendants and will perfect the default by entry of court clerk judgment in timely manner. Further Case Management Conference is requested.

9. All defendants have appeared and discovery is proceeding in a timely manner. For reasons set forth in the parties' Case Management Statements, the case should be designated (circle one) Category I, Category II or Category III. Parties anticipate case will be ready to set for trial as of _____. Further Case Management Conference is requested.

10. Other:
_____
_____
_____
_____. Further Case Management Conference is requested.

_____  _____
Counsel for Plaintiff (*print name*)       Counsel for Defendant (*print name*)

_____  _____
Signature                                                    Signature

_____  _____
Counsel for Plaintiff (*print name*)       Counsel for Defendant (*print name*)

_____  _____
Signature                                                    Signature

*For additional parties, attach additional signature pages as needed.*

---

Good Cause appearing, **IT IS SO ORDERED** that the Case Management Conference set for _____ is vacated.

❏ Supplemental Case Management Statements shall be filed as set forth in 6 or 7 above.

❏ Receipt of Dismissal is set for _____.

❏ Further Case Management Conference is set for _____.
Parties shall file Case Management Statements prior to said hearing per Local Rule 6.08(e).

**PLAINTIFF MUST SERVE A COPY OF THIS ORDER ON ALL PARTIES.**

Dated: _____   _____
                                                                            *Judge of the Superior Court*