David T. Biderman, Bar No. 101577
dbiderman@perkinscoie.com
Lisa D. Olle, Bar No. 228551
lolle@perkinscoie.com
PERKINS COIE LLP
Four Embarcadero Center, Suite 2400
San Francisco, CA 94111
Telephone: (415) 344-7000
Facsimile: (415) 344-7050

Attorneys for Defendants
PLEXCO TRUST, J. CRAIG HAMILTON, JR., and
JOHN D. FARRALD as Trustee of PLEXCO TRUST,
and PLEXCO TRUST

FILED

E-FILING

2007 JUN 27 P 2: 58

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| IN RE: | Case No. 04-47072-dml-11 |
| JRL PROPERTIES INTERNATIONAL INC., | Chapter 11 |
| Debtor. | (Pending in the United States Bankruptcy Court, Northern District of Texas, Fort Worth Division) |
| MICHAEL R. ALLEN, | Case No. C07 03382 PVT |
| Plaintiff, | **DEFENDANT'S ORIGINAL ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS** |
| v. | |
| J. CRAIG HAMILTON, JR., Individually and as Trustee of PLEXCO TRUST, JOHN D. FARRALD as Trustee of PLEXCO TRUST, PLEXCO TRUST, a California trust, and DOES 1-10, Inclusive, | |
| Defendants. | |

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, J. Craig Hamilton, Jr., individually and as co-trustee of Plexco Trust

("Hamilton"), John D. Farrald individually and as co-trustee of Plexco Trust ("Farrald"), and

Plexco Trust ("Plexco") (collectively, the "Defendants"), and file their answer to Michael R.

Allen's ("Allen" or "Plaintiff") Complaint for Damages (the "Complaint"), affirmative defenses,

and counterclaims, and in support thereof would show this Court as follows:

## ORIGINAL ANSWER

### I.    LIMITED GENERAL DENIAL

Pursuant to Fed. R. Civ. P. 8(b), Defendants generally deny all of the allegations and averments in Plaintiff's Complaint except those designated allegations and averments that are specifically admitted herein.

### II.    PRELIMINARY ALLEGATIONS

1.    Defendants lack sufficient information to admit or deny the allegations and averments of Paragraph 1 of Plaintiff's Complaint and therefore deny same.

2.    Defendants admit the allegations and averments of Paragraph 2 of Plaintiff's Complaint.

3.    Defendants admit the allegations and averments of Paragraph 3 of Plaintiff's Complaint.

4.    Defendants deny the allegations and averments of Paragraph 4 of Plaintiff's Complaint.

5.    Defendants deny the allegations and averments of Paragraph 5 of Plaintiff's Complaint.

6.    Defendants deny the allegations and averments of Paragraph 6 of Plaintiff's Complaint.

7.    Defendants deny the allegations and averments of Paragraph 7 of Plaintiff's Complaint.

8.    Defendants deny the allegations and averments of Paragraph 8 of Plaintiff's Complaint.

9.    Defendants deny the allegations and averments of Paragraph 9 of Plaintiff's Complaint.

10.    Defendants admit that JRL Properties International, Inc. filed a Chapter 11 bankruptcy case in the United States Bankruptcy Court for the Northern District of Texas. Defendants deny that they filed the JRL bankruptcy on behalf of JRL. Defendants admit that the JRL bankruptcy case continues to this date. Defendants admit that Continental Nursing

- 2 -

1    Management Services, Inc. filed a proof of claim in the JRL bankruptcy case. Defendants deny

2    the remaining allegations and averments of Paragraph 10 of Plaintiff's Complaint.

3          11.    Defendants admit the allegations and averments of the first sentence of Paragraph

4    11 of Plaintiff's Complaint. Defendants lack sufficient information to admit or deny the

5    remaining allegations and averments of Paragraph 11 of Plaintiff's Complaint and therefore deny

6    same.

7          12.    Defendants deny the allegations and averments of Paragraph 12 of Plaintiff's

8    Complaint.

9          13.    Defendants deny the allegations and averments of Paragraph 13 of Plaintiff's

10    Complaint.

11    ### III.    FIRST CAUSE OF ACTION

12    ### (COMMON COUNTS – PLAINTIFF ALLEN AGAINST ALL DEFENDANTS)

13          14.    Defendants refer to and incorporate by reference Paragraphs 1-13 above as if set

14    forth in full.

15          15.    Defendants deny the allegations and averments of Paragraph 15(a)-(d) of

16    Plaintiff's Complaint.

17          16.    Defendants deny the allegations and averments of Paragraph 14 [sic] of Plaintiff's

18    Complaint.

19    ### IV.    SECOND CAUSE OF ACTION

20    ### (BREACH OF FIDUCIARY DUTIES—AGAINST ALL DEFENDANTS)

21          17.    Defendants refer to and incorporate by reference Paragraphs 1-13 above as if set

22    forth in full.

23          18.    Defendants deny the allegations and averments of Paragraph 15 [sic] of Plaintiff's

24    Complaint.

25          19.    Defendants deny the allegations and averments of Paragraph 16 [sic] of Plaintiff's

26    Complaint.

27          20.    Defendants deny the allegations and averments of Paragraph 17 [sic] of Plaintiff's

28    Complaint.

- 3 -

1    21.    Defendants deny the allegations and averments of Paragraph 18 [sic] of Plaintiff's

2    Complaint.

3    22.    Defendants deny the allegations and averments of Paragraph 19 [sic] of Plaintiff's

4    Complaint.

5    ### V.    THIRD CAUSE OF ACTION

6    ### (UNJUST ENRICHMENT—AGAINST ALL DEFENDANTS)

7    23.    Defendants refer to and incorporate by reference Paragraphs 1-13 above as if set

8    forth in full.  Defendants deny the allegations and averments of Paragraph 20 [sic] of Plaintiff's

9    Complaint that Defendants are, or will be, unjustly enriched.

10    24.    Defendants deny the allegations and averments of Paragraph 21 [sic] of Plaintiff's

11    Complaint.

12    ### AFFIRMATIVE DEFENSES

13    ### First Defense

14    25.    The Plaintiff's Complaint fails to state a claim upon which relief can be granted.

15    ### Second Defense

16    26.    The claims and relief requested in the Plaintiff's Complaint are barred by the

17    doctrines of estoppel, waiver, laches and unclean hands.

18    ### Third Defense

19    27.    To the extent that Plaintiff has failed to mitigate damages, Defendants assert that

20    defense.

21    ### Fourth Defense

22    28.    To the extent Plaintiff seeks indemnification under the Management Services

23    Agreement for payment made to the IRS, such claims and relief are barred, because the

24    Plaintiff's penalty and payments were the result of Plaintiff's sole and direct obligations and/or

25    intentional and willful misconduct.

26    ### Fifth Defense

27    29.    Plaintiff's Complaint and each alleged cause of action are barred in whole or in

28    part by the applicable statute of limitations.

- 4 -

DEFENDANT'S ORIGINAL ANSWER, AFFIRMATIVE
DEFENSES AND COUNTERCLAIMS
64456-0001/LEGAL13360223.1

**Sixth Defense**

30.    Plaintiff is barred in whole or in part from recovering any damages, or any recovery must be reduced, by virtue of Plaintiff's failure to exercise reasonable diligence to mitigate his alleged damages.

**Seventh Defense**

31.    Plaintiff's Complaint and each alleged cause of action are barred in whole or in part because Plaintiff is estopped by his own conduct to claim any right to damages or any relief against the answering Defendants.

**Eighth Defense**

32.    Plaintiff's Complaint and each alleged cause of action fail to state a cause or causes of action entitling Plaintiff to attorneys' fees on any basis.

**Ninth Defense**

33.    Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred because of the comparative fault of parties other than the Defendants.

**Tenth Defense**

34.    The Defendants assert that venue is proper in the United Stated District Court for the Northern District of Texas, Fort Worth Division, which is the current jurisdiction for the JRL Bankruptcy Case.

**Eleventh Defense**

35.    The right to assert additional affirmative defenses, if and to the extent that such defenses are applicable, is hereby reserved.

WHEREFORE, Defendants J. Craig Hamilton, Jr., individually and co-trustee of Plexco Trust, John D. Farrald, individually and as co-trustee of Plexco Trust, and Plexco Trust request that all Plaintiff's claims and causes of action be dismissed with prejudice, that the Court grant their attorneys' fees for defending this matter, and that the Court enter a take nothing judgment against Plaintiff, and that Defendants have all other relief to which they are entitled.

- 5 -

DEFENDANT'S ORIGINAL ANSWER, AFFIRMATIVE
DEFENSES AND COUNTERCLAIMS
64456-0001/LEGAL13360223.1

## VI.    COUNTERCLAIM

COME NOW Defendant-Counterplaintiffs Hamilton, individually and as co-trustee of the Plexco Trust, Farrald, individually, and as co-trustee of the Plexco Trust, and the Plexco Trust (together, the "Defendant-Counterplaintiffs") and file this, their counterclaims (the "Counterclaims"), and would respectfully show the Court as follows:

## VII.    PARTIES

36.    Defendant-Counterplaintiff Hamilton, is a resident of Rancho Murieta, Sacramento County, California.  Defendant-Counterplaintiff Farrald is a resident of Monterey, Monterey County, California.  Plexco Trust is a trust established in the State of California.

37.    Plaintiff-Counterdefendant Michael R. Allen ("Allen") is a resident of Maricopa County, Arizona.  No service of process is required for Allen because he has already appeared in this action as a plaintiff.

## VIII.    JURISDICTION AND VENUE

38.    This Court has jurisdiction over Defendant's Counterclaims because "[they] arise[] out of the transaction or occurrence that is the subject matter of" Plaintiff's claims against Defendant-Counterplaintiffs and because the resolution of Defendant-Counterplaintiffs Counterclaims does not require the presence of third parties over whom the Court does not have jurisdiction.  Accordingly, Defendant-Counterplaintiffs Counterclaims are counterclaims under Fed. R. Civ. P. 13(a).

39.    Because the facts and circumstances of this case are intertwined with the JRL bankruptcy case, Defendants will file a Motion to Transfer Venue to the District Court in the Northern District of Texas, Fort Worth Division.

## IX.    FACTUAL BACKGROUND

40.    In late 2000, Allen and Hamilton were introduced for the purpose of exploring business opportunities.  Allen and Hamilton subsequently developed a business plan whereby Plexco, a trust for which Hamilton and Farrald were co-trustees, would acquire the common stock of JRL.  Allen and Hamilton's business plan further contemplated that Allen would operate several nursing home facilities owned by JRL.

- 6 -

DEFENDANT'S ORIGINAL ANSWER, AFFIRMATIVE
DEFENSES AND COUNTERCLAIMS
64456-0001/LEGAL13360223.1

41.    On November 15, 2000, Plexco acquired 100% of the stock in JRL. Immediately following this acquisition, Allen became the sole director and president of JRL and assumed exclusive responsibility for managing its business operations and financial affairs. On November 20, 2000, a Management Services Agreement (the "Agreement") was executed between JRL and Continental Nursing Management Services, Inc. ("Continental"). Continental is a nursing home management company formed, owned and operated by Allen. Continental agreed to provide management services to the nursing home facilities (the "Nursing Facilities") owned by JRL.

42.    Allen, through his management company, Continental, was given complete control and authority by Plexco to run the affairs of JRL due to his purported experience in the nursing home industry. By contrast, Hamilton lacked experience in the nursing home industry, and thus Plexco delegated financial control over JRL to Allen. Under the terms of the Agreement, in exchange for the management services, Continental was paid a management fee.

43.    Soon after Continental began providing management services to the JRL Nursing Facilities, it became apparent that there were serious financial management problems. Namely, employee payroll taxes were unpaid. When Plexco became aware of the unpaid payroll taxes, Hamilton, as co-trustee of Plexco notified Allen on multiple occasions that such taxes must be paid, and that it was Continental and Allen's responsibility under the Agreement to pay these taxes. Allen represented to Hamilton that he was dealing with the payroll tax issue. Specifically, Allen maintained that Allen was working directly with the IRS to implement a payment plan. Also, he stated that he was pursuing refinancing for the JRL Nursing Facilities, seeking an amount sufficient to satisfy all unpaid payroll taxes, as well as pay for improvements to the facilities.

44.    Despite Allen's representations, the financial mismanagement continued. To determine the extent of the problem, in approximately July 2002, Plexco, through Hamilton, contacted Senior Care Management Services, Inc. ("Senior Care") regarding the operations of JRL. The representatives from Senior Care confirmed that JRL was behind in paying its payroll taxes. Hamilton then wrote to the IRS as co-trustee of JRL's stockholder, Plexco, and requested

- 7 -

DEFENDANT'S ORIGINAL ANSWER, AFFIRMATIVE
DEFENSES AND COUNTERCLAIMS
64456-0001/LEGAL13360223.1

1   further information be provided to Senior Care to verify any payroll tax liabilities.  Senior Care

2   performed payroll tax reporting, and these reports were forwarded to Kandy Apache, an

3   associate of Allen who also worked for Continental.  However, Ms. Apache purposely did not

4   forward these payroll tax reports filings to the IRS.  In conversations with a Senior Care

5   representative, Ms. Apache claimed she did not send the reports to the IRS to avoid the request

6   for payment.  Senior Care concluded its work for JRL in approximately March 2003, in part,

7   because Allen and Apache would not provide information necessary for the performance of

8   Senior Care's duties.

9       45.    Based on Allen and Continental's refusal to resolve JRL's financial problems and

10  their lack of managerial commitment, Plexco replaced Allen with another individual as sole

11  officer and director of JRL on September 26, 2003, and the Agreement with Continental/Allen

12  was terminated on or about September 26, 2003.  During the time that Allen and Continental

13  were managing the Nursing Facilities, no profits were ever generated, and Plexco never received

14  any distributions.  Allen, however, paid himself a management fee.

15      46.    The IRS began a case file on JRL in connection with the unpaid payroll taxes in

16  approximately September 2002.  The IRS pursued Continental, because the management

17  company handled all payroll matters for JRL and was therefore deemed responsible for the un-

18  filed returns and balances due.  Upon information and belief, at no time during the IRS

19  investigation around this time did Allen indicate to the IRS that Hamilton had any input into the

20  decisions related to the payment of creditors.  Upon information and belief, following the

21  termination of the Agreement and removal of Allen as a sole officer and director of JRL, in

22  approximately November and/or December 2004 Allen alleged for the *first time* to the IRS that

23  Hamilton was responsible for making financial decisions for the Nursing Facilities.  There is no

24  indication whatsoever, however, that either Hamilton, Plexco or Farrald had any involvement in

25  causing JRL, or any other company, to pay or not pay employment taxes.

26      47.    Because the payroll taxes remained unpaid, the IRS pursued Allen in connection

27  with the tax liability resulting from his controlling role in the operation of the Nursing Facilities.

28  Upon information and belief, Allen suggested to the IRS that Hamilton was responsible for the

- 8 -

DEFENDANT'S ORIGINAL ANSWER, AFFIRMATIVE
DEFENSES AND COUNTERCLAIMS
64456-0001/LEGAL13360223.1

1   tax liability. The IRS then pursued Hamilton for a trust fund recovery penalty. Ultimately, the

2   IRS concluded that Hamilton was not liable to the IRS for the period of time when Continental/

3   Allen managed JRL.

## X.    DECLARATORY RELIEF

### (ALL DEFENDANT-COUNTERPLAINTIFFS AGAINST ALLEN)

6      48.    The facts set forth above in paragraphs 40-47 are incorporated herein by reference

7   as if set forth in full.

8      49.    Defendant-Counterplaintiffs request that this Court declare that sole responsibility

9   for the payroll tax and related liabilities which are the subject of Allen's claims are the sole

10  responsibility of Continental and Allen, as determined by the Internal Revenue Service, and that

11  Defendant-Counterplaintiffs do not have any liability to Allen, the IRS, or any other entity for

12  the payroll tax and related liabilities which are the subject of Allen's claims.

## XI.    FRAUD

### (ALL DEFENDANT-COUNTERPLAINTIFFS AGAINST ALLEN)

15     50.    The facts set forth above in paragraphs 40-47 are incorporated herein by reference

16  as if set forth in full.

17     51.    Allen made representations to the Defendant-Counterplaintiffs and the IRS about

18  the conduct of his management of the Nursing Facilities and the payment of payroll taxes.

19     52.    Allen's representations to the Defendant-Counterplaintiffs and the IRS about the

20  conduct of his management of the Nursing Facilities and the payment of payroll taxes were false.

21     53.    When Allen made representations to the Defendant-Counterplaintiffs and the IRS

22  about the conduct of his management of the Nursing Facilities and the payment of payroll taxes,

23  Allen:

24         (a)    knew the representations were false, or

25         (b)    made the representations recklessly, as a positive assertion, and without

26  knowledge of their truth.

27     54.    When Allen made representations to the Defendant-Counterplaintiffs and the IRS

28  about the conduct of his management of the Nursing Facilities and the payment of payroll taxes,

- 9 -

1    Allen made such representations with the intent that the Defendant-Counterplaintiffs rely and act

2    upon such representations.

3          55.    Due to Allen's representations to the Defendant-Counterplaintiffs and the IRS

4    about the conduct of his management of the Nursing Facilities and the payment of payroll taxes,

5    Defendant-Counterplaintiffs were thereby directly and proximately injured in amounts to be

6    determined at trial.

7                  **XII.    NEGLIGENT MISREPRESENTATION**

8            **(ALL DEFENDANT-COUNTERPLAINTIFFS AGAINST ALLEN)**

9          56.    The facts set forth above in paragraphs 40-47 are incorporated herein by reference

10   as if set forth in full.

11         57.    Allen made numerous representations to the Defendant-Counterplainitiffs in the

12   course of the Defendant-Counterplaintiffs' business or in a transaction in which the Defendant-

13   Counterplaintiffs had an interest.

14         58.    Allen supplied false information for the guidance of others.

15         59.    Allen did not exercise reasonable care or competence in obtaining or

16   communicating the information.

17         60.    Defendant-Counterplaintiffs reasonably relied upon these representations, and

18   JRL's tax and other liabilities continued to accrue.

19         61.    As a direct and proximate result of these representations, Defendant-

20   Counterplaintiffs suffered damages in an amount to be determined at trial.

21                  **XIII.    CONDITIONS PRECEDENT**

22         62.    All conditions precedent to Defendant-Counterplaintiffs' right to recovery against

23   Allen have been performed or occurred.

24                     **XIV.    ATTORNEYS' FEES**

25         63.    Defendant-Counterplaintiffs are entitled to recover reasonable attorneys' fees.

26                         **XV.    PRAYER**

27         WHEREFORE, Defendant-Counterplaintiffs respectfully request that the Court grant the

28   following relief:

- 10 -

DEFENDANT'S ORIGINAL ANSWER, AFFIRMATIVE
DEFENSES AND COUNTERCLAIMS
64456-0001/LEGAL13360223.1

1.    Allen be cited to appear and answer;

2.    Actual damages;

3.    Reasonable and necessary attorneys' fees, litigation expenses, and court costs;

4.    Court costs and pre-judgment and post-judgment interest as permitted by law; and

5.    Such other and further relief, general or special, at law or in equity, to which Defendant-Counterplaintiffs may be entitled.

DATED:  June 27, 2007                    **PERKINS COIE LLP**

By: Lisa D. Olle
Lisa D. Olle, SBN 228551

J. CRAIG HAMILTON, JR., individually and as co-trustee of PLEXCO TRUST, JOHN D. FARRALD, individually and as co-trustee of PLEXCO TRUST, and PLEXCO TRUST

- 11 -

DEFENDANT'S ORIGINAL ANSWER, AFFIRMATIVE
DEFENSES AND COUNTERCLAIMS
64456-0001/LEGAL13360223.1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

I, Lisa DeCosta, declare:

I am a citizen of the United States and am employed in the County of San Francisco, State of California. I am over the age of 18 years, and not a party to the within action. My business address is Perkins Coie LLP, Four Embarcadero Center, Suite 2400, San Francisco, California 94111-4131. I am personally familiar with the firm's business practice of collection and processing for mailing. Under that practice it would be deposited with the U.S. Postal Service on the same day with postage thereon fully prepaid in the ordinary course of business. On June 27, 2007, I served the following document(s):

### DEFENDANT'S ORIGINAL ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS

by placing a true copy thereof enclosed in a sealed envelope addressed to the following parties:

> J. A. Hudson, Esq.
> Hugo N. Gerstl, Esq.
> GERSTL & HUDSON
> 2460 Garden Road, Suite C
> Monterey, CA 93940

☒ FACSIMILE - by transmitting via facsimile the document(s) listed above to the fax number(s) set forth on the attached Telecommunications Cover Page(s) on this date before 5:00 p.m.

☒ MAIL - by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Francisco, California addressed as set forth below.

☐ ELECTRONIC TRANSMISSION – I caused each document to be sent by electronic mail to the email address indicated above

☐ BY HAND – I caused each envelope to be delivered by hand to the offices listed above.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on June 27, 2007, at San Francisco, California.

_____
Lisa DeCosta

- 12 -

DEFENDANT'S ORIGINAL ANSWER, AFFIRMATIVE
DEFENSES AND COUNTERCLAIMS
64456-0001/LEGAL13360223.1