Hugo N. Gerstl, CSB #37927
J. A. Hudson. CSB #85799
GERSTL & HUDSON
2460 Garden Road, Suite C
Monterey, CA 93940
Telephone: (831) 649-0669
Facsimile: (831) 649-8007
E-mail: Hugo@gerstlandhudson.com

Attorney for: Plaintiff


FILED
2007 JUL 26  A 11: 17
RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.



UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE SESSIONS

| | |
|---|---|
| MICHAEL R. ALLEN,  Plaintiff,<br>Vs.<br><br>J. CRAIG HAMILTON, JR., Individually and as Trustee of PLEXCO TRUST, JOHN D. FARRALD, as Trustee of PLEXCO TRUST, PLEXCO TRUST, a California Trust, and DOES 1-10 Inclusive,  Defendants | CASE NO. C07 03382-PVT<br>**POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO REMAND CASE TO STATE COURT AND FOR ATTORNEYS' FEES AND COSTS FOR IMPROVIDENT REMOVAL**<br><br>Date:  September 18, 2007<br>Time:  10:00 a.m.<br>Judge: The Honorable Magistrate Patricia V. Trumbull, Dept. 5 |

## FACTS

On December 12, 2006, then-Plaintiffs MICHAEL ALLEN and CONTINENTAL NURSING MANAGEMENT SERVICES, INC. filed an *unverified* complaint, Case Number M61975, in Monterey County Superior Court ("State Court") against J. CRAIG HAMILTON, JR., Individually and as Trustee of PLEXCO TRUST, JOHN D. FARRALD, as Trustee of PLEXCO TRUST, PLEXCO TRUST, a California Trust and JRL PROPERTIES INTERNATIONAL., INC. claiming money due for work, labor, and services in the sum of $300,000-$500,000 from JRL, $1,200,000, which Plaintiff ALLEN paid the IRS on behalf of HAMILTON and PLEXCO TRUST, exemplary and punitive damages, and attorneys' fees and costs (Exhibit "A" to Notice of Removal, 10:10-16).

Defendants in that case removed the state court case to this Court and moved to transfer the entire case to the Bankruptcy Court in Texas on the grounds that JRL was in

Gerstl & Hudson
Attorneys at Law
2460 Garden Road, Suite C
Monterey, CA 93940
Telephone: 831-649-0669
Facsimile: 831-649-8007

-1-

bankruptcy. On researching the matter, Plaintiffs learned that CONTINENTAL NURSING MANAGEMENT SERVICES, INC. had already filed a proof of claim for money due for work, labor, and services in the sum of $300,000-$500,000 from JRL. Plaintiffs thereupon dismissed Case Number M61975 without prejudice and refiled the present case, M84368, in the State Court on May 3, 2007.

In that case, Plaintiff MICHAEL ALLEN sues J. CRAIG HAMILTON, JR., Individually and as Trustee of PLEXCO TRUST, JOHN D. FARRALD, as Trustee of PLEXCO TRUST, PLEXCO TRUST, a California Trust for $1,200,000 which ALLEN paid to the IRS on Defendants' behalf, exemplary damages, and costs. (Exhibit "C" to Notice of Removal, 6:6-11).

The significant allegations in that case are as follows:

"10. On or about July 23, 2004, HAMILTON / PLEXCO filed a Chapter 11 Bankruptcy petition *on behalf of JRL PROPERTIES INTERNATIONAL, INC.*, Case Number 04-47072-DML-11 in the United States Bankruptcy Court for the Northern District of Texas, Fort Worth Division. Said bankruptcy continues to this date. *CONTINENTAL filed a proof of claim in bankruptcy against JRL and that matter is properly pending in the Bankruptcy Court. However, the instant action is between two groups of non-debtor individuals and a non-debtor trust, and does not in any way concern JRL. JRL's bankruptcy or its plan will in no way be affected by this action, and JRL is neither a necessary nor a proper party to this action.* (Emphases supplied) (Exhibit "C", ¶10, 3:6-13).

"11. In the latter part of 2004 and early 2005, the Internal Revenue Service (IRS) commenced collection activities against Plaintiff ALLEN individually, pursuant to a "100% penalty assessment" for the tax liability of JRL. Plaintiff contended that he, as an individual, had no liability to the IRS in connection with JRL's indebtedness because: (a) Although ALLEN was an officer of JRL, he had no final authority to determine which creditors would or would not be paid, and (b) HAMILTON / PLEXCO made all decisions as to who got paid and when.

"12. From on or about July 23, 2004 through December 31, 2005, Plaintiff ALLEN continually advised HAMILTON / PLEXCO that it was *their* responsibility, not ALLEN'S, to pay the IRS claim. Although Defendant HAMILTON on behalf of himself and on behalf of Defendant PLEXCO TRUST gave evasive and contradictory answers to ALLEN'S demands, and indicated that HAMILTON / PLEXCO would be responsible for payment of the IRS claim, neither Defendant HAMILTON nor Defendant PLEXCO TRUST ever paid any portion of the IRS claim.

"13. In December, 2005, the INTERNAL REVENUE SERVICE commenced aggressive collection tactics, seizing and levying against the bank accounts of Plaintiff ALLEN, his wife, and his children. In order to salvage his own financial situation, ALLEN paid the IRS $1,200,000 in March, 2006. Since that time, Plaintiff ALLEN has continued to

Gerstl & Hudson
Attorneys at Law
2460 Garden Road, Suite C
Monterey, CA 93940
Telephone: 831-649-0669
Facsimile: 831-649-8007

-2-

request and demand that Defendants HAMILTON and PLEXCO TRUST reimburse him the $1,200,000 plus interest, but Defendants HAMILTON and PLEXCO TRUST have failed and refused and still fail and refuse to do so." (Exhibit "C" to Notice pf Removal, ¶¶ 11, 12, 13; 3:14-4:5).

In the instant Removal, Defendants devote much time and space to comparing the dismissed complaint with the current complaint (2:10-4:24 of Notice of Removal). The reason they do this is rather transparent. In their opinion,

> "In the Current Action, Continental is no longer a plaintiff and JRL is no longer a defendant, *but the factual allegations are the same – namely matters arising from Allen's and Continental's management and dealings with JRL. … The relief sought In the Current Action is the same as the relief sought in the previous actions. The Current Action is a blatant attempt to deprive the Texas Bankruptcy Court of its rightful jurisdiction, but there is little difference between the Current Action and the First Removed Case."* (Emphasis supplied. Notice of Removal ¶13, 4:16-24).

Defendants must immediately concede that the Current Action will have absolutely *no* effect on JRL, which is the bankrupt. No claim is made against JRL and Continental, the only entity which would have a claim against JRL in Bankruptcy has already filed its claim in the Bankruptcy Court and is not a party to the instant action. Further, Defendants impliedly concede that none of them is in Bankruptcy and that the sole remaining Plaintiff, Allen, is not in Bankruptcy. Thus, the parties to this case are strangers to the Bankruptcy case and the effect of Defendants' suggestion of transfer of this case to the Bankruptcy Court would be nothing more than officious intermeddling and would actually unnecessarily burden that Bankruptcy Court.

## LEGAL ARGUMENT

### I. ON A MOTION FOR REMAND, THE BURDEN IS ON THE PARTY SEEKING TO PRESERVE THE DISTRICT COURT'S REMOVAL JURISDICTION, NOT ON THE PARTY MOVING TO REMAND TO STATE COURT.

It is well settled that the burden is on the party seeking to preserve the district court's removal jurisdiction, not the party moving for remand to the state court, and the removal statute is strictly construed against removal jurisdiction, *Prize Frize, Inc. v. Matrix* (CA 9th, Cal., 1999)

Gerstl & Hudson
Attorneys at Law
2460 Garden Road, Suite C
Monterey, CA 93940
Telephone: 831-649-0669
Facsimile: 831-649-8007

-3-

167 F3d 1261, 1265. *Emrich v. Touche Ross & Co.* (CA 9th, 1988) 846 F.2d 1190, 1195. If there is any doubt as to the right of removal in the first instance, federal jurisdiction must be rejected, *Duncan v. Stuetzle* (CA 9th, 1996) 76 F.3d 1480, 1485. Jurisdiction is determined as of the time of the removal itself and the reviewing court must look to the complaint as of the time the removal petition was filed, *Reddam v. KPMG, L.L.C.,* (CA 9th, 2006) 457 F.3d 1054, 1058 n. 6; *Abada v. Charles Schwab & Co, Inc.*(CA 9th, 2002) 300 F.3d 1112, 1117. In other words, jurisdiction is based on the complaint as originally filed and not as amended, *Abada, supra,* 300 F.3d 1112, 1117; *O'Halloran v. University of Washington* (CA 9th, 1988) 856 F.2d 1375, 1379.

## II. THE COURT CAN ONLY CONSIDER THE PRESENT COMPLAINT, NOT A DISMISSED UNVERIFIED COMPLAINT.

The presence or absence of federal question jurisdiction is governed by the 'well pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint, *California v. United States* (CA 9th, 2000) 215 F.3d 1005, 1014; *California ex. rel. Lockyer v. Dynegy,* Inc. (CA 9th 2004) 375 F.3d 831, 838. Under the well-pleaded complaint rule, courts look to what necessarily appears in the plaintiff's statement of his own claim in the bill or declaration, unaided by anything in anticipation of avoidance of defenses which it is thought the defendant may interpose." *California, supra,* 215 F.3d 2005 at 1014; *Takeda v. Northwestern Nat'l Life Ins. Co.* (CA 9th, 1985) 765 F.2d 815, 821-22. A defense is not part of a plaintiff's pleaded statement of his or her own claim, *Dynegy, supra,* 375 F.3d 831, at 838. Accordingly, a case may not be removed on the basis of a federal defense even if the defense is anticipated in the plaintiff's complaint and both parties concede that the federal defense is the only question truly at issue, *Caterpillar, Inc. v. Williams* (1987) 482 U.S. 386, 392; *Wayne v. DHL Worldwide Express* (CA 9th, 2002) 294 F.3d 1179, 1183. In addition, the plaintiff is the master of his case, and if he can

Gerstl & Hudson
Attorneys at Law
2460 Garden Road, Suite C
Monterey, CA 93940
Telephone: 831-649-0669
Facsimile: 831-649-8007

maintain her claims on both state and federal grounds, he may ignore the federal question, assert only state claims, and defeat removal, *Duncan v. Stuetzle* (CA 9th, 1996) 76 F.3d 1480, 1485. If at any time prior to judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded, 28 U.S.C. § 1447(c); *Gibson v. Chrysler Corp.*(CA 9th, 2001) 261 F.3d 927, 932.

### III. BY FILING AN ENTIRELY NEW COMPLAINT WHICH DISPENSED OF ANY FEDERAL CLAIMS, REMAND IS SURELY WARRANTED.

In *Carnegie-Mellon University v. Cohill* (1988) 484 U.S. 343, 351-353, 98 L.Ed.2d 720, 108 Sup. Ct. 614 the Supreme Court held that the district court had discretion to remand to state court a removed case in which the jurisdictionally sufficient claims had been eliminated and only the pendent state law claims remained. The Supreme court granted the competing interests a level playing field, stated, at 484 U.S. 343, 357:

> "Petitioners also argue that giving district courts discretion to remand cases involving pendent state-law claims will allow plaintiffs to secure a state forum through the use of manipulative tactics. Petitioners' concern appears to be that a plaintiff whose suit has been removed to federal court will be able to regain a state forum simply by deleting all federal-law claims from the complaint and requesting that the district court remand the case. This concern, however, hardly justifies a categorical prohibition on the remand of cases involving state-law claims regardless of whether the plaintiff has attempted to manipulate the forum and regardless of the other circumstances in the case. A district court can consider whether the plaintiff has engaged in any manipulative tactics when it decides whether to remand a case. If the plaintiff has attempted to manipulate the forum, the court should take this behavior into account in determining whether the balance of factors to be considered under the pendent jurisdiction doctrine support a remand in the case. The district courts thus can guard against forum manipulation without a blanket rule that would prohibit the remand of all cases involving pendent state-law claims. We conclude that a district court has discretion to remand to state court a removed case involving pendent claims upon a proper determination that retaining jurisdiction over the case would be inappropriate. The discretion to remand enables district courts to deal with cases involving pendent claims in the manner that best serves the principles of economy, convenience, fairness, and comity which underlie the pendent jurisdiction doctrine."

Accord, *Executive Software North America, Inc.v. United States District Court for the Central District of California* (CA 9th, 1994( 24 F3d 1545, 1552-1553; *Harrell v. 20th Century Insurance Co.* (CA 9th, 1991) 934 F2d 203, 205.

Gerstl & Hudson
Attorneys at Law
2460 Garden Road, Suite C
Monterey, CA 93940
Telephone: 831-649-0669
Facsimile: 831-649-8007

In the instant case, Defendants assert that by dismissing the first action and filing the second action, Plaintiff is trying to manipulate his claim. This is simply not so. The claim against JRL was for wages and management fees and was asserted by Continental *in the Bankruptcy Court*. The instant claim in no way manipulates the primary right, which is Allen's *individual* claim that his some-time "partner," Hamilton and Plexco Trust, owe *him* money in connection with a tax claim *he* had to pay.

### IV. PLAINTIFF SHOULD BE AWARDED HIS COSTS, INCLUDING ATTORNEY FEES.

Upon granting a motion to remand for lack of subject matter jurisdiction, the court may award "just costs and any actual expenses, including attorney fees, incurred as a result of removal," 28 USC § 1447(c). To award fees, the court need not find that the removal was frivolous, vexatious or otherwise attempted for an improper purpose, *Moore v. Permanente Medical Group, Inc.* (CA9th, 1992) 981 F.2d 443, 446. Such an award is intended rather to serve the statutory purpose of more generally reducing the possibility of abuse, unnecessary expense or harassment that can attend an improper removal, *Pacific Maritime Ass'n. v. Mead* (DC ND Cal., 2003) 246 F.Supp.2d 1087, 1093; *Ansley v. Ameriquest Mortgage Co.* (DC CD Cal., 2002) 194 F.Supp. 1062, 1065.

### CONCLUSION

The case should be remanded to the Superior Court of California for the County of Monterey. Plaintiff should recover his costs and attorneys' fees incurred as a result of Defendants' improvident removal of the case.

Dated: July 18, 2007

Respectfully submitted,
GERSTL & HUDSON

J. A. HUDSON           HUGO N. GERSTL
Attorneys for Plaintiff

Gerstl & Hudson
Attorneys at Law
2460 Garden Road, Suite C
Monterey, CA 93940
Telephone: 831-649-0669
Facsimile: 831-649-8007

-6-

## PROOF OF SERVICE

State of California, County of Monterey:

    I am employed in the county referenced above. I am over the age of eighteen years and not a party to this action. My business address is 2460 Garden Road, Suite C, Monterey, CA 93940.

On the date given below, I served **Points and Authorities in Support of Motion for Remand of Case to California State Court and for Attorneys' Fees and Costs for Improvident Removal** to the following party(s):

David T. Biderman, Esq.
Lisa D. Olle, Esq.
Perkins, Coile, LLP
Four Embarcadero Center, Suite 2400
San Francisco, CA 94111

By:

[X]     Mail: Being familiar with the regular mail processing practices of Law Offices of Gerstl & Hudson, where outgoing mail is collected and deposited daily with the United States Postal Service during the ordinary course of business. I sealed the document(s) referred to above into an envelope with postage prepaid, addressed as above.

[ ]     Facsimile Transmission: I caused the document(s) referred above to be transmitted to the following fax telephone numbers. **See above.**

    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on July 25, 2007

                                                                Colleen M. Flores, Declarant