J.A. HUDSON, CSB #85799
Hugo N. Gerstl, CSB #037927
GERSTL & HUDSON
2460 Garden Road, Suite C
Monterey, CA 93940
Telephone: (831) 649-0669
Facsimile: (831) 649-8007

Attorney for Plaintiff

UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| MICHAEL R. ALLEN,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>J. CRAIG HAMILTON, JR., individually and as Trustee of PLEXCO TRUST, JOHN D. FARRALD, as Trustee of PLEXCO TRUST, PLEXCO TRUST, a California Trust, JRL PROPERTIES, INC., a Texas corporation, and DOES 1-10, Inclusive,<br><br>　　　　　　　Defendants. | Case No. C07-03382-PVT<br><br>**(PROPOSED) RESPONSE TO COUNTERCLAIM** |

　　　　Plaintiff MICHAEL R. ALLEN responds to Defendants' and Counterclaimants' unverified counterclaim as follows:

　　　　1.　　Admits the allegations contained in paragraph 36.

　　　　2.　　Denies the allegation contained in paragraph 37 that "No service of process is required for ALLEN because he has already appeared in this action as Plaintiff." Plaintiff has never formally "appeared" in "this" action. Plaintiff filed an original action in Monterey County Superior Court, a state court where there is no such pleading as a counterclaim.

**EXHIBIT "A"**

3. Denies all allegations contained in paragraph 38 and further denies that this Court has jurisdiction over Defendants' counterclaims or that this Court has jurisdiction over the complaint-in-chief. Plaintiff's action is properly filed in the Superior Court of California for the County of Monterey and was improvidently removed to this Court by the Defendants.

4. Denies the allegations contained in paragraph 39. This case is neither intertwined with the alleged Bankruptcy case nor has it properly been removed to this Court.

5. Denies generally and specifically, each and every allegation set forth in paragraphs 40, 41, 42, 43, 44, 45, 46 and 47 of this Counterclaim, *save and except* to the extent that any of such allegations are replicated in the allegations contained in Plaintiff's complaint-in-chief in this case.

### DECLARATORY RELIEF

6. Incorporates herein his responses to paragraphs 40-47 of Defendants' Counterclaim.

7. Denies the allegations contained in paragraph 49.

8. Affirmatively alleges that this purported count fails to state facts sufficient to constitute a cause of action (FRCP Rule 12(b)(6)).

### FRAUD

9. Incorporates herein his responses to paragraphs 40-47 of Defendants' Counterclaim.

10. Denies generally and specifically, each and every allegation contained in paragraphs 51, 52, 53, 54, and 55 of the Counterclaim.

11. Affirmatively alleges that this purported count fails to state facts sufficient to constitute a cause of action (FRCP Rule 12(b)(6)).

### NEGLIGENT MISREPRESENTATION

12. Incorporates herein his responses to paragraphs 40-47 of Defendants' Counterclaim.

13. Denies generally and specifically, each and every allegation contained in paragraphs 57, 58, 59, 60, and 61 of the Counterclaim.

14. Affirmatively alleges that this purported count fails to state facts sufficient to constitute a cause of action (FRCP Rule 12(b)(6)).

### CONDITIONS PRECEDENT

15. Denies the allegations contained in paragraph 62.

16. Affirmatively alleges that the allegations contained in paragraph 62 are meaningless and uncertain in that it relates to no specific count or cause of action. "Condition precedent" refers to contract counts or causes of action and no such counts are causes of action in sounding in contract are set forth in the Counterclaim.

### ATTORNEY'S FEES

17. Denies the allegations contained in paragraph 62.

18. Said allegations should be stricken as immaterial and not filed in accordance with the rules of this or any court. Counterclaimants allege neither a written contract nor a statute on which they base their claim for attorney's fees; without such allegations, Counterclaimants are not entitled to attorney's fees.

WHEREFORE, PLAINTIFF/COUNTERDEFENDANT PRAYS that Counterclaimants take nothing by way of their Counterclaim and that Plaintiff rcover all costs of suit herein incurred; and for such other and further relief as shall deem proper.

Dated:  August 17, 2007          _____
J.A. HUDSON, Attorney for Plaintiff/Movant