J.A. HUDSON, CSB #85799
Hugo N. Gerstl, CSB #037927
GERSTL & HUDSON
2460 Garden Road, Suite C
Monterey, CA 93940
Telephone: (831) 649-0669
Facsimile: (831) 649-8007

Attorney for Plaintiff

UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| In Re: | Case No. 04-47072-DML-11 |
| JRL PROPERTIES INTERNATIONAL, INC., | Chapter 11 (Pending in the United States Bankruptcy Court for the Northern District of Texas, Fort Worth Division) |
| Debtor. | |
| MICHAEL R. ALLEN, | Case No. C07-03382-PVT |
| Plaintiff, | **POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR RELIEF FROM DEFAULT AND TO ALLOW RESPONSE TO COUNTER-CLAIM AND MOTION FOR RELIEF FOR FAILURE, IF ANY, TO COMPLY WITH FEDERAL RULE OF BANKRUPTCY PROCEDURE, RULE 9027(e)(3)** |
| v. | |
| J. CRAIG HAMILTON, JR., individually and as Trustee of PLEXCO TRUST, JOHN D. FARRALD, as Trustee of PLEXCO TRUST, PLEXCO TRUST, a California Trust, JRL PROPERTIES, INC., a Texas corporation, and DOES 1-10, Inclusive, | |
|  | Date: September 18, 2007 |
|  | Time: 10:00 a.m. |
| Defendants. | Judge: The Honorable Magistrate Patricia V. Trumbull |
|  | Courtroom 5, Fourth Floor |

**FACTS**

Plaintiff properly filed this action in the Superior Court of California for the County of Monterey. Defendants removed the case to this Court preliminary to requesting that the case be removed a second time to the United States Bankruptcy Court for the Northern District of Texas.

-1-

Bound up in its removal papers, "buried" among the papers was an Answer and Counter-Claim filed by the Defendants. There was nothing in the caption to indicate that Plaintiff was being counter-sued as a counter-defendant or that the Defendants were counter-claimants as well.

Plaintiff timely filed a Motion for Remand to the state court on the grounds that the case was improvidently removed to this Court. That Motion is presently pending.

While the Motion was pending, Defendants requested entry of default. That request shows no service by mail or otherwise on the Plaintiff. Likewise, although the Request for Entry of Default states, at paragraph 6, page 2, line 11: "Attached is the Declaration of Lisa D. Olle in support of this Request," no such declaration was ever served on Plaintiff.

The default was entered on August 9, 2007. Plaintiff did not discover that a Request for Entry of Default had been filed or that a default had been entered until August 14, 2007 when Plaintiff's counsel's mail arrived containing this document. See Request for Entry of Default previously filed with this Court by Defendants.

Plaintiff moves for an order from relief from the default.

It must be here emphasized that no judgment has been taken or applied for.

## LEGAL ARGUMENT

**I.  SINCE THE COURT MAY NOT HAVE JURISDICTION OVER THE PARTY AGAINST WHOM THE JUDGMENT IS SOUGHT AND SINCE THE PARTY WAS NOT EFFECTIVELY SERVED WITH PROCESS, THE DEFAULT WAS IMPROPERLY ENTERED.**

Before a default can be entered, the court must have jurisdiction over the party against whom the judgment is sought, which also means that the party must have been effectively served with process, *Maryland State Firemen's Association v. Chaves* (D. MD, 1996) 166 FRD 353, 354; *Stephenson v. Lappin* (E.D. Cal., 4/13/07) 2007 WL 1113550, Case No. CIV S-06-2735 LKK EFB PS (only the Westlaw citation is currently available), Slip Opinion, page 2; *Haldane v. Crockford* (D.C. DC, 1998) 81 A.F.T.R.2d 98-1968; 1998 WL 419617, Slip Opinion,

page 3; *Wood v. Santa Barbara Chamber of Commerce, Inc.* (D.C., Nev., 1980) 507 F. Supp. 1128, 1145.

## II. RELIEF FROM THE ENTRY OF DEFAULT IS APPROPRIATE IN THE INSTANT CASE.

Although Rule 55(c) envisions a formal motion for relief, the courts have shown considerable leniency in treating other procedural steps as equivalent to a motion, particularly when the conduct evidences a desire to correct the default. This is part of the court's inherent equity power.  There are three factors to be utilized in scrutinizing whether a default should be set aside: (1) whether the default was willful; (2) whether setting aside the default would prejudice the party taking the default; and (3) whether the defaulting party has a meritorious defense.  The three factors are frequently cited in cases as elements of the "good cause" analysis under Rule 55(c).  However, the court does not set forth any precise formula for the good cause analysis because each case must necessarily turn on its own unique circumstances.  For example, in addition to the three factors, the court also considers the nature of the defaulting parties' explanation for the default; the good faith of the parties; the amount of money involved; and the timing of the motion.  Thus, Rule 55(c) as an expression of the traditional inherent equity power of the federal courts permits the consideration of a panoply of relevant equitable factors.  Rule 55(c) determinations must be made in a practical, common sense manner, without rigid adherence to, or undue reliance upon, a mechanical formula, *KPS & Associates, Inv. v. Designs by FMC, Inc.* (C.A. 1, Mass., 2003) 318 F.3d 1, 12; *McGarey v. York County* (D.C., ME., 2006) 233 FRD 220, 222-223; *Venegas-Hernandez v. Sonolux Records* (C.A. 1, Puerto Rico, 2004) 370 F.3d 183, 187.

Although whether relief will be granted as a matter within the sound discretion of the trial court, the vacation of a default <u>judgment</u> is subject to the explicit provisions of Rule 60(b), which places additional restraints upon the court's discretion.  The motion to set aside a default entry, on the other hand, may be granted for good cause shown, which gives a court greater freedom

in granting relief than is available in the case of default judgments.  The decision to set aside and entry of default lies within the discretion of the trial court.  The good cause standard under Rule 55(c) is a lesser standard than the excusable neglect standard required to obtain relief from judgment under Rule 60(b), *Dennis Garberg & Associates, Inc. v. Pack-Tech International Corp.* (CA 10th, 1997) 115 F.3d 767, 775, fn. 6; the good cause standard is fairly liberal because the preferred disposition of any case is upon its merits and not by default judgment, *Gomes v. Williams* (CA 10th, 1970) 420 F.2d 1364, 1366; *Teal v. King Farms Co.* (D.C., E.D. PA., 1955) 18 FRD 447.

      Federal courts are willing to grant relief from a default entry more readily and with a lesser showing than they are in the case of a default judgment.  The greater lenience toward granting relief from default entries is evidenced by the fact that some courts only require proof of some of the elements that must be shown on a Rule 55(c) application or are less demanding concerning the manner and extent of the movant's showing.  Although the court encourages parties to abide by the prescribed rules and orders, defaults are viewed with disfavor.  Default is a harsh penalty for non-compliance with procedural rules.  Thus, courts prefer resolving disputes on their merits, *Auto Alliance International, Inc. v. United States* (C.I.T., 2004) 350 F. Supp. 2d 1244, 1245-1246; *Bluegrass Marine, Inc. v. Galena Road Gravel, Inc.* (D.C. S.D., Ill., 2002) 211 FRD 356, 357.

      Several courts have concluded that Rules 55(c) and 60(b) express a policy of liberality toward motions for relief from default entries and default judgments.  Further, they have ruled that on a motion for relief from the entry of a default or a default judgment, all doubts should be resolved in favor of the party seeking relief, *Walden v. Lorcom Technologies, Inc.* (E.D., NY., 2007) 2007 WL 608151 (only the Westlaw citation is currently available, Slip copy, page 4, fn. 7); *Harriman v. I.R.S.* (E.D. NY., 2002) 233 F. Supp.2d 451, 454.

Any showing sufficient to justify relief under Rule 60(b) should qualify as "good cause" for purposes of reopening a default entry. The different treatment of default entry and judgment by Rule 55(c) frees a court considering a motion to set aside a default entry from the restraint of Rule 60(b) and entrusts determination to the discretion of the court, *Hawaii Carpenters Trust Funds v. Stone* (CA 9th, 1986) 794 F.2d 508, 513; *Meeks v. National Educ. Corp.* (CA 9th, Cal., 1994) 28 F.3d 107; *Torres v. Estate of Hill* (S.D. Cal., 2007) 2007 WL 1975440 (only the Westlaw citation is currently available. Slip copy, pages 5-6).

### III.  IF SUCH A STATEMENT IS REQUIRED, PLAINTIFF SHOULD BE RELIEVED OF DEFAULT IN FAILING TO TIMELY FILE AN FRBP RULE 9027(e)(3) STATEMENT.

Although there appears to be nothing formally filed with the Court in this respect, Defendants' bankruptcy counsel in the former case (C07-01151-JF) sent a letter to Plaintiff's counsel on August 15, 2007 stating, in pertinent part:

> "I note also that the Clerk of the Court has entered a default against Mr. Allen for his failure to reply to Mr. Hamilton's counterclaims asserted against him, and that by your failure to comply with Federal Rule of Bankruptcy Procedure 9027(e)(3), you have consented to the entry of final orders by the bankruptcy judge, and you have likely waived any argument that the removed matters are 'non-core'."

FRBP Rule 9027(a)(1) provides:

> "A notice of removal shall be filed with the clerk for the district and division within which is located the state or federal court where the civil action is pending. The notice shall…contain a statement that upon removal of the claim or cause of action the proceeding is core or non-core and, if non-core, that the party filing the notice does or does not consent to entry of final orders or judgment by the bankruptcy judge…"

Defendants J. CRAIG HAMILTON, JR., individually and as Trustee of PLEXCO TRUST, JOHN D. FARRALD, as Trustee of PLEXCO TRUST, and PLEXCO TRUST captioned their removal "In Re JRL Properties International, Inc., Debtor" above the caption where it stated the name of this case. The appearance to remove the action was filed by PLEXCO TRUST, J. CRAIG HAMILTON, JR. and JOHN D. FARRALD as Trustee of PLEXCO TRUST. JRL

PROPERTIES INTERNATIONAL, INC., was not named as a party-defendant in this case, nor has JRL PROPERTIES INTERNTIONAL, INC. ever sought to intervene in this case.

Even assuming, without conceding that the removing Defendants had properly filed the removal, they have run afoul of Rule 9027(a)(1) previously cited.

The only operative statements that said Defendants made appear at paragraphs 16 and 17 of their current Notice of Removal.  These statements, which are contained at page 5, lines 5-14 read as follows:

> "16.  <u>'Core' Proceeding</u>.  Removal of this case is proper pursuant to 28 USC §1452(a) and Bankruptcy Rule 9027, because the Complaint necessarily involves and is related to direct claims against defendant Chapter 11 debtor-in-possession JRL, and for which any finding of liability will give rise to claims on behalf of the Defendants against the Debtor for indemnifications or contributions, as well as monetary damages.  Moreover, the facts and claims alleged in the Current Action are so interrelated with the allegations set forth in the proof of claim filed on behalf of Continental against JRL that Continental and JRL may be necessary parties. See FRCP 19 ("Joinder of Persons Needed for Judge Adjudication").
>
> "17.  <u>Consent to Entry of Final Orders</u>.  Pursuant to Bankruptcy Rule 9027(e)(3), Defendants hereby consent to entry of final orders by the bankruptcy judge."

FRBP 9027(e)(3) provides:

> "Any party who has filed a pleading in connection with the removed claim or cause of action, other than the party filing the notice of removal, shall file a statement admitting or denying any allegation in the notice of removal that upon removal of the claim or cause of action the proceeding is core or non-core.  If the statement alleges that the proceeding is non-core, it shall state that the party does or does not consent to entry of final orders or judgment by the bankruptcy judge.  A statement required by this paragraph shall be signed pursuant to Rule 9011 and shall be filed not later than ten days after the filing of the notice of removal.  Any party who files this statement pursuant to this paragraph shall mail a copy to every other party to the removed claim or cause of action."

FRBP 9027(e)(3), the statement required to be filed by the plaintiff would "admit or deny any allegation in the notice of removal that…the proceeding is core or non-core."

Here, the removing party has filed no such statement as to whether or not the action would be core or non-core.  Thus, Plaintiff can neither admit nor deny a statement which has never been made.

FRBP Rule 9027(e)(3) goes on to state:

> "<u>If</u> the statement alleges that the proceeding is non-core, it shall state that the party does or does not consent to entry of final orders or judgment by the bankruptcy judge."

Here, again, Plaintiff has nothing to respond to.  The statement filed by the removing party never alleged that the proceeding was "core" and never alleged that the proceeding was "non-core."

Indeed, no <u>proceeding</u>, as defined in FRBP Rule 7001 has been filed against the Debtor or its estate.

FRBP Rule 7001 states:

> "An adversary proceeding is governed by the rules of this Part VII.  The following are adversary proceedings:
>
> (1)   A proceeding to recover money or property, other than a proceeding to compel the debtor to deliver property to the trustee, or a proceeding under Section 554(b) or Section 725 of the Code, Rule 2017, or Rule 6002;
>
> (2)  A proceeding to determine the validity, priority, or extent of a lien or other interest in property, other than a proceeding under Rule 4003(d);
>
> (3)  A proceeding to obtain approval under Section 363(h) for the sale of both the interest of the estate and of a co-owner and property;
>
> (4)  A proceeding to object to or revoke a discharge;
>
> (5)  A proceeding to revoke and order of confirmation of a Chapter 11, Chapter 12, or Chapter 13 plan;
>
> (6)  A proceeding to determine the dischargeability of a debt;
>
> (7)  A proceeding to obtain an injunction or other equitable relief, except when a Chapter 9, Chapter 11, Chapter 12, or Chapter 13 plan provides for the relief;
>
> (8)  A proceeding to subordinate any allowed claim or interest, except when a Chapter 9, Chapter 11, Chapter 12 or Chapter 13 plan provides for subordination;
>
> (9)  A proceeding to obtain a declaratory judgment relating to any of the forgoing; or
>
> (10)  A proceeding to determine a claim or cause of action removed under 28 USC §1452."

The only conceivable section which would possibly be applied to the instant removal is subdivision (10). However, where, as here, the Debtor is not a named party and is neither necessary nor indispensable to the complete adjudication of this case, there is no proper adversary proceeding pending before this Court.

Parenthetically, even if the removing Defendants had properly indicated, as required in FRBP Rule 9027(a)(1) whether or not this was a core proceeding or non-core proceeding, a reading of 28 USCA §157(b)(2) appears to indicate that this would be a non-core proceeding, even if the Debtor were joined.

Pursuant to 28 USCA §157(b)(2) core proceedings include, but are not limited to – (A) matters concerning the administration of the estate; (B) allowance or disallowance of claims against the estate or exemptions from property of the estate, and estimate of claims or interests for the purposes of confirming a plan under Chapter 11, 12 or 13 of Title 11, but not the liquidation or estimation of contingent or unliquidated personal injury tort or wrongful death claims against the estate for purposes of distribution in a case under Title 11; (C) counter-claims by the estate against persons filing claims against the estate; (D) orders in respect to obtaining credit; (E) orders to turn over property of the estate; (F) proceedings to determine, avoid, or recover preferences; (G) motions to terminate, annul, or modify the automatic stay; (H) proceedings to determine, avoid, or recover fraudulent conveyances; (I) determinations as to the dischargeability of particular debts; (J) objections to discharges; (K) determinations of the validity, extent, or priority of liens; (L) confirmation of plans; (M) orders approving the use or lease of property, including the use of cash collateral; (N) orders approving the sale of property other than property resulting from claims brought by the estate against persons who have not filed claims against the estate; (O) other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor/creditor or the equity security holder relationship,

1  except personal injury tort or wrongful death claims; and (P) recognition of foreign proceedings
2  and other matters under Chapter 15 of Title 11.
3      28 USC Section 157(b)(3) provides that the bankruptcy judge shall determine, on the
4  judge's own motion or on timely motion of a party, whether a proceeding is a core proceeding
5  under this subsection or is a proceeding that is otherwise related to a case under Title 11.
6      Another matter that must be pointed out is that neither Continental nor JRL is a party to
7  the instant case.  In paragraph 16 of the removal documents, Defendants PLEXCO TRUST, J.
8  CRAIG HAMILTON, JR. and JOHN D. FARRALD, as Trustee of PLEXCO TRUST state, at
9  paragraph 16 state that "Continental and JRL may be necessary parties."
10     They premise this speculation by stating that "Any finding of liability will give rise to
11 claims on behalf of the Defendants against the Debtor for indemnification or contribution, as
12 well as monetary damages."
13     This appears to be a nonsequitur.  The fact that PLEXCO TRUST, J. CRAIG
14 HAMILTON, JR. and JOHN D. FARRALD, may have a claim against JRL is wholly irrelevant to
15 the instant case and, in fact, is taken in bad faith since Defendant HAMILTON and/or PLEXCO
16 TRUST was the sole shareholder or shareholders of Debtor JRL.  Thus, if HAMILTON and
17 PLEXCO TRUST sued JRL in the Bankruptcy Court, they would effectively be suing
18 themselves.
19     Finally, even if Plaintiff was required to file an FRBP 9027(e)(3) statement, this would
20 not affect the substantial rights at issue in this case.  Pursuant to FRBP Rule 9005, Rule 61 of
21 the Federal Rules of Civil Procedure applies in cases under the Bankruptcy Code.  When
22 appropriate, the court may order the correction of any error or defect or the cure of any
23 omission which does not affect substantial rights.
24     Likewise, FRBP Rule 9024 provides for relief from any judgment or order, pursuant to
25 Rule 60 of the Federal Rules of Civil Procedure.

In the instant case, <u>if</u> there has been any omissions or offense by the Plaintiff, it is de minimis, does not affect substantial rights, and is solely as a result of Plaintiff's surprise, mistake, inadvertence or excusable neglect.

## **CONCLUSION**

Plaintiff has satisfied all requisites both of the requirements of Rule 55(c) and the stricter requirements of Rule 60(b). The default should be set aside and Plaintiff's Response to the Counterclaim should be deemed filed and Plaintiff should be relieved of his default if any there be, in failing to file an FRBP 9027(e)(3) statement, if in fact such a statement was required.

Dated: August 17, 2007                                                  Respectfully submitted.

                                                                                 _____
                                                                                 J.A. HUDSON
                                                                                  Attorney for Plaintiff/Movant